# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                                   Case No.  6:04-cr-152-Orl-28KRS

**JAMES T. O'NEAL, JR.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNITED STATES' MOTION AND RENEWED MOTION TO TAKE VIDEOTAPE DEPOSITIONS OF UNAVAILABLE WITNESSES (Doc. No. 56) and CORRECTION TO UNITED STATES' MOTION AND RENEWED MOTION TO TAKE VIDEOTAPE DEPOSITIONS OF UNAVAILABLE WITNESSES (Doc. No. 58)
>
> **FILED:** August 24, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The United States again seeks leave to take depositions of witnesses for use at trial. Counsel for the defendant opposes the motion. Doc. No. 57.

"Depositions generally are disfavored in criminal cases. . . . Nevertheless, the Federal Rules of Criminal Procedure expressly authorize parties to take depositions and use them at trial, when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (internal citations omitted). "The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions. . . . Whether to authorize depositions is a decision committed to the discretion of the

district court . . . ." *Id.* at 1552 (internal citation omitted). I will consider the request as to each witness.

*Foley Hooper.*

Mr. Hooper is alleged to be a victim of the scheme to defraud alleged in the indictment. He is 80 years old and has cancer. He has physical problems described by his son and caregiver in a sworn statement. Mr. Hooper's son further avers that Mr. Hooper rarely leaves the house, and when he does he is gone for no more than two hours. The United States now states that Mr. Hooper cannot travel to its office to be deposed, and that the deposition will occur at Mr. Hooper's home. Mr. Hooper's age and ill-health as described in his son's affidavit are sufficient exceptional circumstances to warrant the taking of a deposition at his home when, as in this instance, it appears that Mr. Hooper's home is within the Middle District of Florida and, therefore, easily accessible to counsel and the parties. Therefore, the motion is **GRANTED** as it pertains to Mr. Hooper. The Defendant and his counsel have the right to attend the deposition, and to conduct cross-examination of Mr. Hooper as if at trial. The "Procedures to be Utilized" as set forth in the motion are to be followed.

*Fred Coton.*

The motion is premature as to Mr. Coton because it was filed before the United States had the evidence upon which it relies to support the relief requested. Therefore, the motion is **DENIED** as to Mr. Coton.

*Randy Foxworthy.*

Mr. Foxworthy was present at meetings regarding the investments at issue in the indictment. Mr. Foxworthy avers that he and his family live in the Dominican Republic from September to June each year, and that it would be an undue burden on him and his family for him to travel to Orlando to testify. The general averment of "undue burden" is insufficient to establish exceptional circumstances. Mr. Foxworthy's travel to Orlando would be paid for by the United States. He should be required to be in Orlando no more than a few days to complete his testimony. Accordingly, the motion is **DENIED** as to Mr. Foxworthy.

*Gregory Norman.*

Mr. Norman is a professional golfer and golf course developer who lives in Florida. The United States represents that Mr. Norman will testify that he did not invest funds with the Defendant and he did not authorize the Defendant to use his name to attract potential investors. Mr. Norman avers generally that he will be "outside of the State of Florida on business or in golf tournaments from September 24, 2005 until October 22, 2005." Therefore, he asserts that he will not be able to travel to Orlando to testify at trial. Mr. Norman's conflicts are the type faced by nearly every professional whose work requires them to travel. They are, therefore, not the type of "exceptional circumstances" that justify taking his deposition in lieu of his appearance at trial. Accordingly, the motion is **DENIED** as to Mr. Norman.

**DONE** and **ORDERED** in Orlando, Florida on this 29th day of August, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Attorney
Counsel for Defendant